UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYLE DOTSON AND OLON DOTSON<br>Plaintiffs | *<br>*<br>* | NUMBER 2:16-CV-15371 |
| VERSUS | *<br>*<br>* | SECTION E<br><br>JUDGE SUSIE MORGAN |
| COL. MICHAEL EDMONSON,<br>CAPT. DONOVAN ARCHOTE, TROOPER<br>HUEY MCCARTNEY, TROOPER CALVIN<br>ANDERSON, TROOPER TAGEE JOURNEE,<br>TROOPER RENE BODET, each in their<br>individual capacities<br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>* | MAGISTRATE JUDGE JANIS van MEERVELD |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL

NOW INTO COURT, through undersigned counsel, come Defendants, Col. Michael Edmonson, Capt. Donovan Archote, Trooper Huey McCartney, Trooper Calvin Anderson, Trooper Tagie Journee, and Trooper Rene Bodet, who respond to allegations contained in the Complaint filed by the Plaintiffs, Lyle Dotson and Olon Dotson, as follows:

1.

Defendants admit that jurisdiction over Plaintiffs' claims is proper in this Court in response to Paragraph 1 of the Complaint.

2.

Defendants admit that jurisdiction over Plaintiffs' claims is proper in this Court in response to Paragraph 2 of the Complaint.

3.

Defendants admit Lyle Dotson's status in response to Paragraph 3 of the Complaint.

{00598453 - v1}

4.

Defendants admit Olon Dotson's status in response to Paragraph 4 of the Complaint.

5.

Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.

Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.

Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.

Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.

Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.

Defendants deny Defendants deny the allegations contained in Paragraph 11 of the Complaint for lack of sufficient information to justify a belief therein.

12.

Defendants deny Defendants deny the allegations contained in Paragraph 12 of the Complaint for lack of sufficient information to justify a belief therein.

13.

Defendants deny Defendants deny the allegations contained in Paragraph 13 of the Complaint for lack of sufficient information to justify a belief therein.

14.

Defendants deny Defendants deny the allegations contained in Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein.

15.

Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations contained in Paragraph18 of the Complaint for lack of sufficient information to justify a belief therein.

19.

Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of the Complaint for lack of sufficient information to justify a belief therein.

26.

Defendants deny the allegations contained in Paragraph 26 of the Complaint for lack of sufficient information to justify a belief therein.

27.

Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.

Defendants deny the allegations contained in Paragraph 34 of the Complaint for lack of sufficient information to justify a belief therein.

35.

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of the Complaint for lack of sufficient information to justify a belief therein.

37.

Defendants deny the allegations contained in Paragraph 37 of the Complaint for lack of sufficient information to justify a belief therein.

38.

Defendants deny the allegations contained in Paragraph 38 of the Complaint for lack of sufficient information to justify a belief therein.

39.

Defendants deny the allegations contained in Paragraph 39 of the Complaint for lack of sufficient information to justify a belief therein.

40.

Defendants deny the allegations contained in Paragraph 40 of the Complaint for lack of sufficient information to justify a belief therein.

41.

Defendants deny the allegations contained in Paragraph 41 of the Complaint for lack of sufficient information to justify a belief therein.

42.

Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of the Complaint for lack of sufficient information to justify a belief therein.

45.

Defendants deny the allegations contained in Paragraph 45 of the Complaint for lack of sufficient information to justify a belief therein.

46.

Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.

Defendants deny the allegations contained in Paragraph 47 of the Complaint except to admit the existence of a Cooperative Endeavor Agreement between the City of New Orleans Louisiana State Police which is the best evidence of its terms and conditions.

48.

Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.

Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of the Complaint except to admit the existence of a Cooperative Endeavor Agreement between the City of New Orleans Louisiana State Police which is the best evidence of its terms and conditions.

52.

Defendants deny the allegations contained in Paragraph 52 of the Complaint except to admit the existence of a Consent Decree between the U.S. Department of Justice and the City of New Orleans to which the Louisiana State Police and Defendants are not parties.

53.

Defendants deny the allegations contained in Paragraph 53 of the Complaint except to admit the existence of a Consent Decree between the U.S. Department of Justice and the City of New Orleans to which the Louisiana State Police and Defendants are not parties.

54.

Defendants deny the allegations contained in Paragraph 54 of the Complaint except to admit the existence of a Consent Decree between the U.S. Department of Justice and the City of New Orleans to which the Louisiana State Police and Defendants are not parties.

55.

Defendants deny the allegations contained in Paragraph 55 of the Complaint except to admit the existence of a Consent Decree between the U.S. Department of Justice and the City of New Orleans to which the Louisiana State Police and Defendants are not parties.

56.

Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.

Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.

Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.

Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.

Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.

Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.

Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.

Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.

Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.

Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.

Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.

Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.

Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.

Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.

Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.

Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.

Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.

Defendants deny the allegations contained in the unnumbered preamble to the Complaint.

79.

To the extent an answer is required to Plaintiffs' Prayer for Relief, Defendants deny that Plaintiffs are entitled to any of the requested relief.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants are entitled to absolute immunity from Plaintiffs' claims.

**THIRD AFFIRMATIVE DEFENSE**

Defendants are entitled to qualified immunity from Plaintiffs' claims.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants are entitled to recovery of their reasonable attorneys' fees if they are the prevailing parties pursuant to 42 U.S.C. § 1988.

**FIFTH AFFIRMATIVE DEFENSE**

If Plaintiffs prevail, they are not entitled to recover attorneys' fees which are unreasonable, excessive, unwarranted, or unrelated to this litigation.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants aver that all times relevant to the Complaint they acted in good faith and within the scope of their authority under applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff Lyle Dotson was stopped and briefly detained based on reasonable suspicion based on articulable facts that criminal activity was afoot.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants had probable cause to arrest Plaintiff Lyle Dotson.

**NINTH AFFIRMATIVE DEFENSE**

Neither Col. Michael Edmonson nor Capt. Donovan Archote are the "employers" of any other Defendants such that the doctrine of respondeat superior should apply to impute liability against them.

**TENTH AFFIRMATIVE DEFENSE**

Defendants have not engaged in any pattern or practice of conduct that deprives persons of rights protected by the Constitution or laws of the United States.

**JURY TRIAL REQUEST**

Defendants are entitled to and hereby request a trial by jury on all issues.

WHEREFORE, Defendants, Col. Michael Edmonson, Capt. Donovan Archote, Trooper Huey McCartney, Trooper Calvin Anderson, Trooper Tagie Journee, and Trooper Rene Bodet, pray that their answer be deemed good and sufficient and, after all due proceedings are had, there be judgment rendered in their favor and against the Plaintiffs, Lyle Dotson and Olon

Dotson, dismissing Plaintiffs' claims with prejudice and at their costs. Defendants further pray for a trial by jury on all issues and for any other equitable relief to which they may be entitled.

Respectfully Submitted,

**JEFF LANDRY**
**Attorney General**
**State of Louisiana**


By: /s Gregory C. Fahrenholt
**ANDRÉ C. GAUDIN (20191)**
**GREGORY C. FAHRENHOLT, T.A. (28572)**
**BURGLASS AND TANKERSLEY, L.L.C.**
5213 Airline Drive
Metairie, Louisiana 70001-5602
Direct Dial Phone: (504) 836-0408
Telefax: (504) 287-0448
Special Assistant Attorneys General

Attorneys for Defendants,
Col. Michael Edmonson, Capt. Donovan Archote, Trooper Huey McCartney, Trooper Calvin Anderson, Trooper Tagie Journee, and Trooper Rene Bodet

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2017, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.


/s Gregory C. Fahrenholt
**GREGORY C. FAHRENHOLT**