UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYLE DOTSON AND OLON DOTSON<br>　　　　　Plaintiffs | * <br> * <br> * | NUMBER 2:16-CV-15371 |
| VERSUS | * <br> * | SECTION E |
| | * | JUDGE SUSIE MORGAN |
| COL. MICHAEL EDMONSON,<br>CAPT. DONOVAN ARCHOTE, TROOPER<br>HUEY MCCARTNEY, TROOPER CALVIN<br>ANDERSON, TROOPER TAGEE JOURNEE,<br>TROOPER RENE BODET, each in their<br>individual capacities<br>　　　　　Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * | MAGISTRATE JUDGE JANIS van MEERVELD |

**************************************

## **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE**

**MAY IT PLEASE THE COURT:**

Defendants, Col. Michael Edmonson, Trooper Huey McCartney, Trooper Calvin Anderson, Trooper Tagie Journee, and Trooper Rene Bodet, all named in their individual capacities as current or former employees of the Louisiana State Police ("LSP"), respectfully submit this memorandum in support of their motion in limine.

Through this motion, Defendants seek an order precluding evidence, testimony and argument by Plaintiff on three categories of matters at trial. First, Defendants request that Plaintiff be prohibited from introducing testimony or evidence related to the dismissal/nolle prosequi of his criminal battery charge by the Orleans Parish District Attorney's office, because the dismissal is hearsay, irrelevant, and its introduction would be unfairly prejudicial to the Defendants at trial. Second, Defendants request that Plaintiff be prohibited from introducing testimony or evidence related to the consent decree entered between the New Orleans Police Department and the U.S. Department of Justice, because the consent decree is irrelevant and

{00715509 - v1}

inapplicable to the Defendants as LSP troopers. Finally, Defendants request that Plaintiff be prohibited from introducing testimony or evidence related to certain other Louisiana State Police incidents in New Orleans at trial, because these incidents are irrelevant, unfairly prejudicial, and because Plaintiff failed to comply with the Court's Scheduling Orders with respect to exhibits regarding those incidents.

**1. Dismissal of Battery Charge By New Orleans City Attorney's Office**

Plaintiff has identified a New Orleans Municipal Court Case Chronology Report as a trial exhibit in this matter which shows that the battery charge against Lyle Dotson was dismissed by the District Attorney prior to trial.[1] Plaintiff's counsel has also asked a number of LSP employees about their knowledge of the dismissal of the charge and general interactions between LSP officers and the District Attorney's office.

The case report reflects that the charge against Plaintiff was closed as "Nolle Prosequied by District Attorney" on December 28, 2015. No reason is identified in the document for why the District Attorney declined to prosecute the charge. The dismissal did not result from any hearing held in Municipal Court. There is no evidence that any LSP employee, including the arresting officer, Trooper Huey McCartney, was ever contacted by anyone from the District Attorney's office regarding the criminal case prior to dismissal. Plaintiff has identified no witnesses from the District Attorney's office who could testify regarding the dismissal. As the Court is aware, a prosecutor has wide discretion with respect to whether to prosecute any given charge, and there are countless reasons why the District Attorney could have declined to prosecute which have nothing to do with the merits of the underlying charge or arrest.

---

[1] See Exhibit A.

{00715509 - v1}  2

The Fifth Circuit has held that a judgment of acquittal in a criminal matter is inadmissible as hearsay in a later matter.  For example, in *United States v. Kerley*, 643 F.2d 299 (5th Cir. 1981), a defendant police officer was acquitted by a state court jury on a battery charge and later tried on federal charges arising out of the same incident.  The prosecutor attempted to introduce evidence of the state court acquittal in the federal court trial, and the district court excluded it from evidence.  On appeal, the Fifth Circuit stated:

> [A] judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence admitted … [E]vidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.

*Kerley*, 643 F.2d at 300-01; *see also United States v. De La Rosa*, 171 F.3d 215, 219 (5th Cir. 1999).  The Fifth Circuit has further noted that "evidence of a prior acquittal will often be excludable under Fed.R.Evid. 403, because its probative value likely will be 'substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury.'"  *De La Rosa,* 171 F.3d at 219-20.

If a prior <u>acquittal</u> following a trial of the merits would be irrelevant and inadmissible under Fifth Circuit precedent, there is even less argument for why a <u>dismissal</u> by a prosecutor prior to trial without any evidentiary hearing would be relevant or admissible.  F.R.E. 402 provides that evidence must be relevant to be admissible.  F.R.E. 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence[.]"  The dismissal of the battery charge against Dotson by the District Attorney – and the completely unknown basis underlying the dismissal – does not provide any guidance to the jury with respect to the real issues in the case, namely whether Lyle Dotson made

intentional contact with Trooper McCartney and whether Trooper McCartney had a valid basis to arrest Lyle Dotson.

While no courts within the Fifth Circuit appear to have considered whether a pretrial dismissal of a charge should be admissible in a § 1983 suit against a police officer, other federal courts have excluded such evidence. For example, in *Anda v. City of Long Beach*, 7 F.3d 1418 (9th Cir. 1993), a plaintiff filed suit alleging that his civil rights were violated after he was shot by a police officer and arrested for assault with a deadly weapon. Prior to trial, the plaintiff filed a motion in limine regarding the admissibility of portions of the transcript from his state court preliminary hearing, at which time the criminal charges against him were dismissed. The appellate court affirmed the district court's holding that evidence of the dismissal of the criminal charges was not admissible in the subsequent § 1983 action. In reaching its conclusion, the district court recognized that the evidence was irrelevant since it did not make the issue of the existence of probable cause more or less likely.

Similarly, in *Bochove v. Village of Corrales,* 183 Fed.Appx. 715 (10th Cir. 2006), a plaintiff was charged with obstructing a police officer and attempted battery on a police officer, but the charges were dismissed by prosecutors. The plaintiff then sued the arresting officer under § 1983. Prior to trial, the defendants filed a motion in limine seeking to exclude any evidence, testimony, or argument that the charges against the arrestee were not prosecuted.

Even if the dismissal was somehow relevant or otherwise admissible, the probative value of the evidence is severely outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury under F.R.E. 403. If the jurors were informed that the District Attorney dismissed the criminal charges without even bothering to contact the arresting officer,

they could potentially overlook the evidence introduced in this case at trial and assume that the District Attorney had concluded that the arrest by Trooper McCartney was without probable cause and unreasonable.  The Fifth Circuit recognized that this danger of unfair prejudice would provide good cause to exclude evidence of a prior acquittal in *Kerley* and *De La Rosa.*  There is no reason why the same logic should not apply to a prosecutor's decision not to prosecute a charge, particularly where no public hearing was held and no explanation was provided for that decision.

For these reasons, Defendants request that Plaintiff be precluded from introducing any evidence, testimony, or argument regarding the prosecution and disposition of Lyle Dotson's criminal charge at trial.

**2. The NOPD Consent Decree**

Plaintiff has identified the Consent Decree Regarding the New Orleans Police Department entered in *United States v. City of New Orleans*, Civil Action No. 2:12-CV-1924, as an intended trial exhibit in this matter.  Plaintiff has also identified the Policies and Procedures Manual of the NOPD adopted pursuant to the Consent Decree as an intended trial exhibit.  Plaintiff's counsel has questioned a number of LSP employees about their knowledge of the Consent Decree.  Finally, Plaintiff's expert has referred to and relied upon the Consent Decree in his report.

This Court is obviously familiar with the procedural history underlying the adoption of the Consent Decree.  The Consent Decree was approved following an investigation by the Department of Justice into long-standing patterns or practices of unconstitutional conduct by the NOPD.  The Louisiana State Police were not a subject of that investigation and did not

participate in the investigation. The DOJ has conducted no similar investigation into whether the Louisiana State Police have engaged in similar patterns or practices of unconstitutional conduct either inside or outside of Orleans Parish. The Consent Decree, by its clear terms, applies only to NOPD and not to other law enforcement agencies with jurisdiction in New Orleans (including but not limited to LSP, FBI, DEA, etc.)

Defendants submit that any discussion of the NOPD Consent Decree or of NOPD's policies and procedures are completely irrelevant to any of Plaintiff's claims. Worse, allowing the Consent Decree to be entered into evidence creates a risk of confusing the jury into understanding that the Consent Decree has anything at all to do with LSP's operations in New Orleans or that the Defendants are bound by its provisions. Defendants request that Plaintiff be precluded from introducing any evidence, testimony, or argument regarding the Consent Decree or the circumstances surrounding its creation at the trial of this matter.

**3. Other LSP incidents in the French Quarter**

In their Complaint, Plaintiff cites to three incidents that he alleges to be consistent with "a pattern and practice of racially-biased unconstitutional stops, arrests, and excessive force by the LSP patrolling the French Quarter:" (1) a February 2013 incident in which Edmonson allegedly "ordered a wholly inadequate internal investigation into the officers' actions;" (2) an August 2015 incident in which LSP troopers "unlawfully stopped and used excessive force on musician Shamarr Allen;" (3) and a September 2015 incident in which "LSP Officers unlawfully stopped and used excessive force on Michael Baugh, also an African American man."[2] Plaintiff's proposed expert, Michael W. Taylor, identified two other incidents in his expert

---

[2] Complaint, Doc. No. 1, at ¶ 46(a)-(b) and ¶ 49.

report involving a woman tased by LSP Troopers and an incident involving an LSP Trooper discharging his weapon.

In discovery and in his November 7, 2017, Witness and Exhibit List, Plaintiff identified only two documents related to any of these incidents: (1) an August 5, 2014, NOLA.com article regarding the stop of Shamarr Allen, (2) a Noladefender.com article regarding an LSP internal investigation into the February 2013 incident.[3]  No other evidence was identified by or produced by Plaintiff prior to the close of discovery on November 14, 2017.

A status conference was held in this matter on November 7, 2017, the same day that Plaintiff's Witness and Exhibit List was filed.  During that conference, the Court ordered the Louisiana State Police to provide additional policies and procedures to Plaintiff by November 14, 2017.  In a Minute Entry following that conference, the Court stated that "if Plaintiffs or Defendants wish to use any of the additional Policies and Procedures or related documents provided as a result of this Order at trial, they must file an amended exhibit list by Tuesday, November 21, 2017, at 5:00 p.m."[4]  The Order was specifically limited to allowing Plaintiff to amend his exhibit list to add any additional policies and procedures to be produced by the Louisiana State Police.

In their motion for partial summary judgment seeking to dismiss claims filed by Lyle Dotson, Defendants noted that Plaintiff had filed to identify any documents other than the two hearsay news articles during discovery or in their Witness and Exhibit List which had anything to do with the other incidents referred to by Plaintiff.  In response, on November 21, 2017,

---

[3] Doc. No. 63, Plaintiff's Witness and Exhibit List, Exhibits 12 and 13.
[4] Doc. No. 17.

Plaintiff submitted a "Supplemental and Amended Witness and Exhibit List."[5]  In addition to listing the policies and procedures obtained from LSP as allowed by the Court, Plaintiff identified, for the very first time, other exhibits which he had not identified during discovery as anticipated trial exhibits or in his November 7, 2017, Exhibit List.  These documents were not requested from Defendants or Louisiana State Police in discovery.  Plaintiff's sources for these documents is unclear.  The brand documents include a report by the Office of Independent Police Monitor to the Court and to Councilmember Susan Guidry regarding "New Orleans Police Department's relationship with the Louisiana State Police and other law enforcement agencies;" an LSP Internal Affairs Investigation into the February 2013 incident described in the Complaint; and a letter regarding the 2013 incident.[6]

Clearly the Plaintiff should be precluded from introducing these specific new exhibits at trial on the basis that he failed to comply with the Court's Scheduling Order.  Defendants specifically request that those exhibits be excluded on that basis.  But beyond those procedural defects, Plaintiff has not established how or why these incidents are relevant to his own lawsuit.  Plaintiff has not identified any of the complainants as trial witnesses to discuss the events or establish what happened.  Plaintiff has not identified any of the troopers accused of any misconduct in those events to establish what happened.  Plaintiff has identified no witnesses or exhibits which would inform a jury about whether any of the complaints had merit, whether any criminal charges were prosecuted, or whether any of the accused troopers had in fact acted improperly.  None of those incidents involved individuals stopped by police on suspicion that they were following undercover officers.  None of the individual troopers named

---

[5] Doc. No. 83.
[6] Doc. No. 83, Exhibits Nos. 57, 69, and 71.

as Defendants in the instant lawsuit were involved in the other events. The only clear link to the instant lawsuit is that all of the individuals were arrested by LSP troopers in New Orleans and that Lyle Dotson was arrested by other LSP troopers in New Orleans.

Evidence regarding these incidents should also be excluded under F.R.E. 403, as this unsupported innuendo regarding the existence of unrelated complaints against LSP troopers could clearly unfairly prejudice the jury against the Defendants by virtue of their mere status as LSP Troopers.

Accordingly, Defendants request that Plaintiff be precluded from introducing any evidence, testimony, or argument regarding other complaints against the Louisiana State Police at the trial of this matter.

## **CONCLUSION**

For the foregoing reasons, Defendants request that their motion in limine be granted and that Plaintiff be precluded from introducing any evidence, testimony, or argument regarding the dismissal of his criminal charge, the NOPD Consent Decree, or other complaints of misconduct against other Louisiana State Police troopers at the trial of this matter.

Respectfully Submitted,

**JEFF LANDRY**
**Attorney General**
**State of Louisiana**

By:   /s Gregory C. Fahrenholt
**ANDRÉ C. GAUDIN (20191)**
**GREGORY C. FAHRENHOLT (28572)**
**BURGLASS AND TANKERSLEY, L.L.C.**
5213 Airline Drive
Metairie, Louisiana 70001-5602
Direct Dial Phone: (504) 836-0408
Telefax: (504) 287-0448
Special Assistant Attorneys General

Attorneys for Defendants,
Col. Michael Edmonson, Trooper Huey McCartney,
Trooper Calvin Anderson, Trooper Tagie Journee,
and Trooper Rene Bodet

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January, 2018, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all counsel of record.

/s Gregory C. Fahrenholt
**GREGORY C. FAHRENHOLT**