UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LYLE DOTSON, ET AL.,<br>Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-15371 |
| COL. MICHAEL EDMONSON, ET AL.,<br>Defendants | SECTION: "E" (1) |

# ORDER

On January 12, 2018, Defendants Calvin Anderson, Rene Bodet, Michael Edmonson, Tagee Journee, and Huey McCartney filed objections to Plaintiff's proposed trial exhibits.[1] Plaintiff filed his responses to Defendants' objections on January 17, 2018.[2]

The Court rules as follows:

| Exhibit | Ruling |
|---|---|
| 39 | **Objection sustained** for the reasons stated in the Court's order on Defendant's motion in limine.[3] |
| 40 | **Objection deferred to trial.** A certified copy of the Motion for Expungement qualifies as a public record.[4] The Motion for Expungement may be relevant to Plaintiff's claim for special damages for attorneys' fees, provided there is sufficient evidence to show the damages were proximately caused by Defendants' alleged conduct.[5] Provided proximate cause is shown, the Plaintiff may introduce the exhibit into evidence. The Defendant should provide the Court with an appropriate limiting instruction prior to the start of the trial.[6] |

---

[1] R. Doc. 136.
[2] R. Doc. 144.
[3] R. Doc. 151.
[4] FED. R. EVID. 803(8).
[5] *See Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988) (holding that a plaintiff in a § 1983 case is entitled to recover attorneys' fees in a prior state criminal action where the expenditures were proximately caused by the acts of the defendant).
[6] *Id.*

1

| | |
|---|---|
| 41 | **Objection overruled** for the reasons stated in the Court's order on Defendant's motion in limine.[7] |
| 42 | **Objection sustained.** Summary judgment has been granted in favor of Defendant Edmonson.[8] The exhibit is not relevant to the remaining claims. |
| 43 | **Objection sustained.** Summary judgment has been granted in favor of Defendant Edmonson.[9] The exhibit is not relevant to the remaining claims. |
| 44 | **Objection sustained.** Summary judgment has been granted in favor of Defendant Edmonson.[10] The exhibit is not relevant to the remaining claims. |
| 45-48 | **Objection sustained.** As the Court has ruled that Defendant Edmonson is entitled to qualified immunity on the claims against him, evidence of Edmonson's failure to discipline the troopers or of his alleged deliberate indifference is irrelevant.[11] |
| 49 | **Objection sustained.** Dr. Taylor's written reports are inadmissible hearsay. |
| 50 | **Objection sustained** for the reasons stated in the Court's order on Defendant's motion in limine.[12] |
| 51 | **Objection sustained** for the reasons stated in the Court's order on Defendant's motion in limine.[13] This exhibit was not identified timely, and is not relevant to the claims against Defendants Anderson, Bodet, Journee, or McCartney. |
| 52 | **Objection sustained.** This exhibit was not identified timely.[14] |
| 53 | **Objection sustained.** This exhibit was not identified timely.[15] |
| 54 | **Objection sustained** for the reasons stated in the Court's order on Defendant's motion in limine.[16] This exhibit was not identified timely, and is not relevant to the claims against Defendants Anderson, Bodet, Journee, or McCartney. |

---

[7] R. Doc. 151.
[8] R. Doc. 150.
[9] R. Doc. 150.
[10] R. Doc. 150.
[11] *See* R. Doc. 150.
[12] R. Doc. 151.
[13] R. Doc. 151.
[14] *See* R. Doc. 151 at 7.
[15] *See* R. Doc. 151 at 7.
[16] R. Doc. 151.

| 55 | **Objection sustained** for the reasons stated in the Court's order on Defendant's motion in limine.[17] This exhibit was not identified timely, and is not relevant to the claims against Defendants Anderson, Bodet, Journee, or McCartney. |
|---|---|
| 56 | **Objection sustained**. The exhibit was not timely identified, and is not relevant to the claims against Defendants Anderson, Bodet, Journee, or McCartney. |
| 57-61 | **Objection sustained**. The Court has ruled that Defendant Edmonson is entitled to qualified immunity on the claims against him. The Louisiana State Police Policies and Procedures Manual is not relevant to the claims against Defendants Anderson, Bodet, Journee, and McCartney. Police policies are not relevant to establish a constitutional standard or prove a constitutional violation against an individual officer.[18] As the Tenth Circuit has noted, "[t]hat an arrest violated police department procedures does not make it more or less likely that the arrest implicates the Fourth Amendment, and evidence of the violation is therefore irrelevant."[19] |

**New Orleans, Louisiana, this 22nd day of January, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 151.
[18] *See, e.g., Tanberg v. Sholtis*, 401 F.3d 1151, 1163-64 (10th Cir. 2005).
[19] *Id.*