UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LYLE DOTSON, ET AL., Plaintiffs | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-15371 |
| COL. MICHAEL EDMONSON, ET AL., Defendants | SECTION: "E" (1) |

## ORDER

On January 3, 2018, Plaintiff Lyle Dotson filed a motion in limine seeking sanctions for spoliation of evidence.[1] Defendants Calvin Anderson, Rene Bodet, Michael Edmonson, Tagee Journee, and Huey McCartney oppose the motion.[2] For the reasons that follow, the motion is **DENIED**.

Plaintiff seeks sanctions for spoliation of evidence, arguing the Defendants and the Louisiana State Police ("LSP")[3] destroyed or failed to preserve electronically stored information in the form of cell phone records and call logs from the evening of October 7, 2015.[4] According to interrogatory responses provided by the Defendants and deposition testimony, the troopers relied on their LSP-issued (or LSP-funded) cell phones to communicate during the course of operations in general, and specifically on the night of October 7, 2015.[5] Trooper Bodet testified that the troopers primarily used cell phones for communicating during the undercover operation.[6] Trooper Bordelon testified that Sergeant Sinanan spoke with Bordelon several times via cell phone, and that Sinanan

---

[1] R. Doc. 120.
[2] R. Doc. 128.
[3] The Louisiana State Police is a division of the State of Louisiana. The State of Louisiana is not a defendant in this action.
[4] R. Doc. 120-1.
[5] *Id.* at 5.
[6] R. Doc. 90-10 at 101:20-24.

1

relayed the information regarding the "potential shadow" to other LSP officers.[7] Trooper Bodet corroborated Trooper Bordelon's testimony, confirming that the communication between the LSP officers regarding the shadow occurred via cell phone.[8] Plaintiff asserts this "establishes the existence of electronically stored information such as call logs and text messages on those cell phones."[9]

Plaintiff has issued multiple discovery requests, subpoenas, and has filed several motions to compel in efforts to obtain these call logs and text messages and thereby develop an understanding of the officers' movements and observations on the night of October 7, 2015. Despite these efforts, Plaintiff has not been able to obtain this information. Plaintiff's motion asserts "Defendants and Louisiana State Police each continue to maintain that no cell phone records from the evening of October 7, 2015 exist and any such records that may have existed have been destroyed because LSP has no mechanism for maintaining these records."[10] Plaintiff claims the loss of these records has prejudiced his case, because the movements and communications among these officers are crucial to establishing whether reasonable suspicion existed to stop Plaintiff.[11]

"Spoliation of evidence is the 'destruction or the significant and meaningful alteration of evidence.'"[12] For the spoliation of evidence doctrine to apply, the movant must prove two elements: "(1) that the party having control over the evidence had a duty to preserve the evidence at the time it was destroyed; and (2) that the destruction of evidence was intentional."[13] "A duty to preserve arises when a party knows or should know

---

[7] R. Doc. 90-9 at 86:20-25, 87:12-18, 88:22-25—90:1-15.
[8] R. Doc. 90-10 at 136:6-25—139:1.
[9] R. Doc. 120-1 at 7.
[10] R. Doc. 120-at 2-3.
[11] R. Doc. 120-1 at 18-20.
[12] *Guzman v. Jones*, 807 F.3d 707, 713 (5th Cir. 2015) (quoting *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 312 (S.D. Tex. 2010)).
[13] *Garnett v. Pugh*, No. 14-479, 2015 WL 1245672, at *4 (E.D. La. Mar. 18, 2015).

that certain evidence is relevant to pending or future litigation."[14] "The duty to preserve material evidence arises not only during litigation, but also during the period before litigation when a party knew or should have known that litigation was imminent."[15]

Rule 37(e) provides for sanctions in response to a failure to preserve electronically stored information:

> **(e) Failure to Preserve Electronically Stored Information.**
> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the jury;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.[16]

Plaintiff argues the Defendants and the LSP had a duty to preserve this information in anticipation of litigation,[17] as well as a duty to preserve public records under the Louisiana Public Records law.[18] Plaintiff argues that, as early as October 7, 2016, when the Defendants were named in an article on nola.com,[19] Defendants and the LSP were on notice that litigation was pending, and thus should have known that any electronically stored information relating to the investigatory stop and arrest of Lyle Dotson was required to be preserved. Nonetheless, Defendants traded in their cell phones one month after Plaintiff filed his suit.[20]

---

[14] *Ralser v. Winn Dixie Stores, Inc.*, 309 F.R.D. 391, 396 (E.D. La. 2015).
[15] *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6087226, at *1 (M.D. La. Nov. 13, 2014).
[16] FED. R. CIV. P. 37(e).
[17] *See, e.g., Richard v. Inland Dredging Co., LLC*, 2016 WL 5477750, at *3 (W.D. La. Sept. 29, 2016).
[18] R. Doc. 120-1 at 13-14. Louisiana Rev. Stat. §44:1, et seq.
[19] http://www.nola.com/crime/index.ssf/2016/10/louisiana_state_police_lawsuit.html.
[20] R. Doc. 120-8 at 7.

3

Rule 37 applies only to parties to litigation, which in this case does not include the LSP.[21] Under 37(e)(2), the Court may order an adverse jury instruction or adverse presumption so long as the Court finds that the party acted with intent to destroy the electronically stored information. Plaintiff seeks sanctions in the form of an adverse inference instruction to the jury that Defendant Bodet did not have independent communication with Trooper Bordelon,[22] or, in the alternative, that the Court permit Plaintiff to put on evidence regarding the loss of evidence and to question Defendant Edmonson as to LSP policy on cell phone record preservation.[23] Plaintiff also requests the Court permit Plaintiff to present the Louisiana Legislative Auditor's Investigative Report to the jury so that the jury may consider the use of text message communications among employees of the LSP.[24]

In response, Defendants argue that Plaintiff's proposed remedy unfairly targets Defendant Bodet, as the Fifth Circuit makes clear that sanctions for spoliation should be taken against the alleged spoliator.[25] Defendants argue there is no evidence to suggest that Bodet acted in bad faith, or that he should have known of a need to preserve any electronically stored information on his phone.[26]

The Plaintiff has not met his burden of establishing that the Trooper Defendants had a duty to preserve the electronically stored information related to the cell phone

---

[21] Much of the Plaintiff's memorandum in support of the motion for sanctions relies on the LSP's duty to preserve electronically stored information. There may be other remedies available to the Plaintiff against the LSP, but those issues must be pursued outside this litigation
[22] In his memorandum in support of the motion for sanctions, Plaintiff requests an adverse inference instruction that "Trooper Bodet did not have independent communication with Trooper Border and Trooper Bordelon." R. Doc. 120-1 at 21. The Court assumes that the phrase "and Trooper Bordelon" was a typographical error. Plaintiff did not file a reply brief to address this issue.
[23] R. Doc. 120-1 at 21.
[24] R. Doc. 120-1 at 21.
[25] R. Doc. 128 at 2-3.
[26] *Id.*

records from October 7, 2015 at the time the information was destroyed or that their destruction of the evidence was intentional. The Court will not provide the requested instruction to the jury based on an adverse inference. The Court will not allow Plaintiff to present the Louisiana Legislative Auditor's Investigative Report to the jury. The report was not timely identified, and is irrelevant.

The motion for sanctions is **DENIED.**

Nevertheless, the Court does note that Defendant Bodet testified at his deposition that he did not receive personal independent confirmation from Trooper Bordelon that the person he was directing Trooper McCartney to stop was the subject first observed leaving Jackson Square. Instead, Trooper Bodet testified that he received confirmation only from Sergeant Sinanan.[27] The Trooper Defendants will not be allowed to speculate at trial that they "may have" called a particular trooper when they do not recall doing so.

Furthermore, the Court's ruling does not preclude the Plaintiff from eliciting testimony regarding the loss of the cell phone records and text messages, or to prohibit questioning of Defendant Edmonson regarding the cell phone record preservation policies of the Louisiana State Police, as such testimony is relevant and its relevance is not outweighed by the risk of undue prejudice.[28] Accordingly, such evidence will be admissible at trial.

**New Orleans, Louisiana, this 22nd day of January, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 94-12 at 157.
[28] The Court granted summary judgment in favor of Defendant, R. Doc. 150, so the motion is moot with regard to any claims against Defendant Edmonson.