## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LYLE DOTSON, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 16-15371 |
| COL. MICHAEL EDMONSON, ET AL.,<br>    Defendants | SECTION: "E" (1) |

### ORDER

On January 3, 2018, Plaintiff Lyle Dotson filed a motion in limine to challenge the confidentiality of documents produced by the Louisiana State Police ("LSP") under the terms of the protective order entered in this case.[1] Plaintiff "challenges the designation of these documents as including 'Confidential Information under the Protective Order and requests that the Court remove them from the terms of the Protective Order, so they may be used as exhibits" at trial."[2] Plaintiff seeks to introduce at trial the complete LSP Policies and Procedures Manual,[3] as well as the following individual policies from the LSP Policies and Procedures Manual: (1) the Use of Force policy;[4] (2) the Bias-Based Profiling policy;[5] (3) the Arrests and Searches policy;[6] (4) the Code of Conduct and Ethics;[7] (5) the Criminal Patrols policy;[8] (6) the Enforcement Policy;[9] and (7) the Pursuit / Roadblock policy.[10] As Plaintiff explains in his response to Defendants' objections to Plaintiff's proposed trial exhibits, the LSP policy manual is "an essential means of proving Plaintiff's claim against

---

[1] R. Doc. 119. R. Doc. 66.
[2] R. Doc. 119-1 at 2.
[3] Proposed Trial Exhibit 57.
[4] Proposed Trial Exhibit 58.
[5] Proposed Trial Exhibit 12.
[6] Proposed Trial Exhibit 13.
[7] Proposed Trial Exhibit 14.
[8] Proposed Trial Exhibit 59.
[9] Proposed Trial Exhibit 60.
[10] Proposed Trial Exhibit 61.

Defendant Edmonson for the promulgation of unconstitutional policies or the failure to promulgate policies."[11] Plaintiff does not, however, argue that the LSP policies are relevant with regard to the claims against the individual troopers.

Plaintiff also seeks to introduce the LSP arrest records from the French Quarter during the period September 28, 2015 – October 18, 2015.[12]

Defendants Calvin Anderson, Rene Bodet, Michael Edmonson, Tagee Journee, and Huey McCartney filed a response to the motion.[13] Defendants state they do not object to these exhibits on confidentiality grounds, but they do object to the exhibits as irrelevant, for the reasons stated in their motion in limine and objections to trial exhibits.[14] Defendants also object to the motion to the extent Plaintiff seeks to disclose the documents outside of trial.[15]

The Court has separately addressed Defendants' objections to Plaintiff's proposed trial exhibits 57, 58, 59, 60, and 61, and has ruled that the exhibits are inadmissible on relevance grounds.[16] This motion is therefore moot with respect to these exhibits.

With regard to the remaining exhibits, the Court finds that exhibits 12, 13, and 14 are irrelevant to the present matter. Exhibit 12, the LSP policy on Biased-Based Profiling, sets administrative guidelines on the training, reporting, and investigation of police actions that relies on race, ethnicity, gender, sexual orientation, or national origin. Exhibit 13, the LSP policy on arrests and searches, states the LSP procedures for arrest, use of handcuffs during arrest, and searches. Exhibit 14 is the LSP Code of Conduct and Ethics. Although Exhibits 12 and 13 set internal standards that govern the Defendants' alleged

---

[11] R. Doc. 144 at 7.
[12] Proposed Trial Exhibit 34.
[13] R. Doc. 131.
[14] *Id. See also* R. Doc. 117; R. Doc. 136.
[15] R. Doc. 131 at 2.
[16] R. Doc. 152.

conduct, the Court finds that police policies may not be entered into evidence in order to establish a constitutional standard or prove a constitutional violation against an individual officer.[17] As the Tenth Circuit has noted, "[t]hat an arrest violated police department procedures does not make it more or less likely that the arrest implicates the Fourth Amendment, and evidence of the violation is therefore irrelevant."[18] In other words, although the LSP policies may give state police officers "a framework to evaluate officer conduct and job performance," the policies "shed[] no light on what may or may not be considered 'objectively reasonable' under the Fourth Amendment given the infinite set of disparate circumstances which officers might encounter."[19] The LSP policies at issue Exhibits 12, 13, and 14 are therefore inadmissible because they lack relevance. This motion is also moot with respect to these exhibits.

The Court also finds that Exhibit 34, except as to pages LSPProd00191 – LSPProd00195, is irrelevant. The motion is **GRANTED** with respect to pages LSPProd00191 – LSPProd00195 of Exhibit 34. The motion is moot with respect to the remainder of the exhibit.

With respect to the broader public disclosure of documents currently under protective order outside the confines of this case, the Court will provide an opportunity for the parties and the Louisiana State Police to brief this issue after the trial concludes.

**New Orleans, Louisiana, this 22nd day of January, 2018.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[17] *See, e.g., Tanberg v. Sholtis*, 401 F.3d 1151, 1163-64 (10th Cir. 2005).
[18] *Id.*
[19] *Herrera v. Aguilar*, 2013 WL 5354518 (W.D. Tex. Sept. 24, 2013) (quoting *Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006) (a violation of the Chicago Police Department's General Orders "would have failed to advance the inquiry" into whether an officer violated the plaintiff's Fourth Amendment rights by using excessive force")).