## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYLE DOTSON | * | NUMBER: 16-cv-15371 |
|     Plaintiff, | * | |
| | * | |
|     v. | * | SECTION: E |
| | * | |
| TROOPER HUEY MCCARTNEY, | * | JUDGE: |
| TROOPER CALVIN ANDERSON, | * | SUSIE MORGAN |
| TROOPER TAGIE JOURNEE, and | * | |
| TROOPER RENE BODET, | * | |
|     Defendants. | * | |
| _____ | * | |
| | * | |
| | * | |

## **GENERAL INSTRUCTIONS**

1. You have heard the evidence in this case. I will now instruct you on the law you are to apply. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

2. If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

3. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

4. The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

1

5. You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.

6. Plaintiff Lyle Dotson has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. It does not mean Plaintiff Lyle Dotson must prove his case beyond a reasonable doubt. If you find that Plaintiff Lyle Dotson has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

7. The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

8. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

9. Exhibit 30, a Map of the French Quarter, is an illustration. It is a party's map used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

10. A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

11. You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

12. Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

13. You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

14. In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

15. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

16. You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

17. The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

18. Evidence has been introduced that the criminal charge of battery against Lyle Dotson was dismissed by the New Orleans District Attorney's Office and that the record of his arrest was expunged. A prosecutor has wide discretion to choose not to pursue criminal charges for many reasons. You may not consider evidence that the charge was dismissed as proof of whether probable cause for the arrest existed.

19. During the trial, the attorneys have made objections to the admissibility of evidence and I have ruled on those objections. You must not concern yourselves with the objections or the Court's reasons for its rulings on them. You must not consider testimony or exhibits to which an objection was sustained or which was ordered stricken. Instead, you must completely ignore such testimony or evidence and not take it into consideration when deciding the case.

## **LYLE DOTSON'S CLAIMS:**

20. Plaintiff Lyle Dotson claims that Defendants McCartney, Anderson, Bodet, and Journee violated the following constitutional rights:

    i. The constitutional protection from unreasonable stop; and

    ii. The constitutional protection from unreasonable arrest or seizure.

21. To recover damages for these constitutional violations, Plaintiff Lyle Dotson must prove by a preponderance of the evidence that:

    i. One or more of Defendants McCartney, Journee, Anderson, and Bodet committed acts that violated some or all of the constitutional rights set forth above; and

    ii. The constitutional violations you find, if any, caused harm or injury to Lyle Dotson. In determining the question of causation, you should decide whether each Defendant's wrongful conduct that you find, if any, was a substantial factor in the resulting harm or injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the harm.

22. In this case the parties have agreed that Defendants acted "under color" of state law, and you must accept that fact as proved.

## UNREASONABLE STOP AND SEIZURE:

23. Plaintiff Lyle Dotson raises three claims of violation of his constitutional right not to be subject to an unreasonable stop and seizure. The objective reasonableness of either a stop or seizure must be judged on what a reasonable officer, with full knowledge of the clearly established law, would do under the circumstance, and does not consider the subjective, personal state of mind of a Defendant.

24. First, Lyle Dotson claims that Defendants McCartney, Anderson, Bodet, and Journee stopped him on Toulouse Street in the French Quarter without reasonable suspicion, in violation of Lyle Dotson's Fourth Amendment right to be protected from unreasonable seizure of his person.

25. Second, Lyle Dotson also claims that by handcuffing and holding him by the arms when there were less intrusive measures to safely conduct their investigation, Defendants Anderson, and Journee violated his Fourth Amendment right not to be seized or arrested without probable cause.

26. Third, Lyle Dotson claims that his Fourth Amendment protection from unreasonable seizure of his person was violated when Defendants Anderson, Journee, McCartney, and Bodet continued to hold him after any reasonable suspicion had been satisfied by their questioning of Lyle and their confirmation that his Indiana driver's license was genuine and he had no pending warrants. Lyle Dotson claims that his continued detention while attempting to take his photograph against his wishes violated his Fourth Amendment rights.

### Unreasonable Stop:

27. I will first explain the law regarding stopping an individual for investigative purposes.

28. When a law enforcement officer stops an individual without the authority of a warrant from a judge, the Fourth Amendment requires that the officer have "reasonable suspicion" that the person is involved in a crime that has been or is about to be committed.

29. Reasonable suspicion does not require proof beyond a reasonable doubt, but it must be based on specific and articulable facts from the totality of the circumstances. A vague, un-particularized suspicion or hunch is not enough to form "reasonable suspicion" that would allow a law enforcement officer to stop an individual. The question is whether a reasonable officer would believe that Lyle Dotson was involved in a crime that had been or was about to be committed based on the facts available to that officer based on information the officer had in the course of the stop.

30. An officer who initiates or conducts a stop does not need to have personal knowledge of the evidence that gave rise to the reasonable suspicion so long as he is acting at the

5

request of those who have the necessary information. An officer may rely on information provided by other officers if the officer reasonably perceives that the information provided to him is reliable. However, the Defendants may not rely upon incorrect or incomplete information when they are the ones responsible for that faulty information.

31. Even if reasonable suspicion is present at the beginning of a stop, if additional information comes to light and the totality of the circumstances no longer supports reasonable suspicion, then the stop must end immediately and the individual is free to go.

32. If the stop is unreasonable under the Fourth Amendment, then under Louisiana law, an individual has a right to resist the stop.

33. If you find that Plaintiff Lyle Dotson has proved by a preponderance of the evidence that Defendants Anderson, Journee, McCartney, and Bodet lacked reasonable suspicion based on the totality of the circumstances to make the investigative stop on October 7, 2015, then you must find for the Plaintiff unless any Defendant is entitled to qualified immunity, which is a bar to liability that I will explain later.

**Unreasonable Seizure - Handcuffing:**

34. Now I will explain the law governing handcuffing an individual during an investigative stop.

35. The Fourth Amendment prohibits the unreasonable "seizure" of a person. A person is seized within the meaning of the Fourth Amendment when in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, some physical touching of the body, and handcuffing.

36. Handcuffing an individual does not automatically convert an investigatory stop into a seizure or arrest requiring probable cause. The Fourth Amendment requires some reasonable belief that the individual is armed and dangerous or that the restraints are necessary for some other legitimate purpose, evaluated on the totality of the circumstances. To determine whether the use of handcuffs converts the stop into a seizure requiring probable cause, the relevant inquiry is whether the police were unreasonable in failing to use less intrusive procedures to safely conduct their investigation, evaluated on the totality of the circumstances.

37. When a law enforcement officer handcuffs an individual during an investigative stop when less intrusive measures would have allowed the officer to safely conduct his investigation, the stop has become a seizure and must be justified by probable cause.

38. A law enforcement officer has probable cause to seize or arrest a person when he has a reasonable belief that a crime has been committed and that the person arrested has committed or participated in the crime. Probable cause is a higher standard than reasonable suspicion, but a lower standard than proof beyond a reasonable doubt. Probable cause must be based on a fair probability that an actual criminal action took place.

39. If the stop, detention, or seizure is unreasonable under the Fourth Amendment, then under Louisiana law, an individual has a right to resist that stop, detention, or seizure.

40. If you find that Plaintiff Lyle Dotson has proved that it is more likely than not that Defendants Journee and Anderson failed to use less intrusive procedures to safely conduct their investigation, and that Journee and Anderson did not have probable cause to believe that a crime had been committed and that Lyle Dotson was a participant in that crime, then you must find for the Plaintiff unless either Defendant is entitled to qualified immunity, which is a bar to liability that I will explain later.

### Unreasonable Seizure or Arrest - Photograph

41. Now, I will explain the law governing the continued detention of an individual following an investigative stop.

42. A police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's protection against unreasonable seizures.

43. When an officer stops a person based on reasonable suspicion of some crime, the officer may detain that person for only long enough to investigate that crime. Once the purpose justifying the stop has been served, the detained person must be free to leave.

44. The permissible duration of the stop is limited to the time reasonably necessary to complete a brief investigation of the matter within the scope of the stop. The scope of a stop is limited to investigation of matters justifying the stop.

45. If you find that Plaintiff Lyle Dotson has proved that it is more likely than not that Defendants McCartney, Journee, Anderson, and Bodet, or any of them, continued to stop and/or seize Lyle Dotson in order to take his photograph after the purpose justifying the stop had been served, then you must find for Plaintiff unless any Defendant is entitled to qualified immunity, which is a bar to liability that I will explain later.

## UNREASONABLE ARREST:

46. Plaintiff Lyle Dotson claims Defendants McCartney, Anderson, and Journee violated his Fourth Amendment Right to be protected from unreasonable arrest or seizure by falsely arresting him on the charge of battery of an officer. Plaintiff Lyle Dotson claims that Defendants McCartney, Anderson, and Journee did not have probable cause to arrest him on October 7, 2015 because he did not intentionally use force or violence on Defendant McCartney.

47. A warrantless arrest such as the one involved in this case is considered unreasonable under the Fourth Amendment when, at the moment of the arrest, there is no probable cause for the defendants to reasonably believe that a crime has been committed and that the person arrested has committed or participated in the crime. Probable cause does not require proof beyond a reasonable doubt, but it must be based on a fair probability that an actual criminal action took place. If the arrest is unreasonable under the Fourth Amendment, then under Louisiana law, an individual has a right to resist the arrest.

48. The objective reasonableness of the arrest must be judged on what a reasonable officer with knowledge of clearly established law would do under the circumstance and does not consider Defendants McCartney, Anderson, and Journee's subjective state of mind or knowledge. The question is whether a reasonable officer would believe that a crime had been committed based on the facts available to that officer based on information the officer had at the time of the arrest.

49. To help you determine whether the Defendants McCartney, Anderson, and Journee had probable cause to arrest Plaintiff Lyle Dotson, I will now instruct you on the elements of the Louisiana state law crime for which Plaintiff Lyle Dotson was arrested, Battery on a Police Officer, La. R.S. 14:34.2.

50. Battery defined in La. R.S. 14:33 requires the (1) intentional, (2) unjustified, (3) use of force or violence, (4) on another person. A battery on a police officer requires (1) a battery, as defined above, without consent (2) "when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty."

51. If you find that Plaintiff Lyle Dotson has proved that it is more likely than not that Defendants McCartney, Anderson and Journee lacked probable cause to make the arrest on October 7, 2015, then you must find for the Plaintiff unless the Defendants are entitled to qualified immunity, which is a bar to liability that I will explain later.

52. Plaintiff Lyle Dotson further alleges that Defendants Anderson and Journee also are liable for false arrest because of their failure to intervene to stop the arrest. A non-arresting officer may be liable for false arrest where the non-arresting officer has knowledge that the arrest is made without probable cause, has a reasonable opportunity to prevent the harm, and chooses not to act.

53. If you find that Plaintiff Lyle Dotson has proved by a preponderance of the evidence that Defendants Anderson or Journee failed to prevent the arrest of Plaintiff Lyle Dotson, knowing that the arrest was without probable cause and having a reasonable opportunity to prevent the harm but failing to do so, you must then find for the Plaintiff unless either Defendant Anderson or Journee is entitled to qualified immunity, which is a bar to liability that I will explain later.

## QUALIFIED IMMUNITY:

54. As to each federal claim that you find Plaintiff Lyle Dotson proved by a preponderance of the evidence (that is, more likely than not), you must consider whether Defendants McCartney, Journee, Anderson, and Bodet are entitled to what the law calls "qualified immunity." Qualified immunity bars a law enforcement officer's liability even if he violated a plaintiff's constitutional rights. Qualified immunity provides protection from liability for all but the plainly incompetent government officials, or those who knowingly violate the law. It is Plaintiff's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

55. Qualified immunity applies if a reasonable officer could have believed that the stop, seizure, and/or arrest of Lyle Dotson was lawful in light of clearly established law and the information Defendant possessed. But a Defendant is not entitled to qualified immunity if at the time of the stop, seizure, and/or arrest of Lyle Dotson, a reasonable officer with the same information could not have believed that his actions were lawful. Law enforcement officers are presumed to know the clearly established constitutional rights of the individuals they encounter. The objective reasonableness of either a stop or a seizure must be judged on what a reasonable officer, with full knowledge of the clearly established law, would do under the circumstance, and does not consider the subjective, personal state of mind of Defendants McCartney, Anderson, Bodet, and Journee.

56. In this case, the clearly established law at the time of the stop, seizure, and arrest of Lyle Dotson was that:

57. Law enforcement officers must have at least reasonable suspicion based on a totality of circumstances in order to stop or detain an individual.

58. Law enforcement officers cannot seize an individual on the basis of reasonable suspicion.

59. Law enforcement officers cannot conduct a more intrusive or restrictive seizure on an individual than circumstances warrant.

60. Once reasonable suspicion no longer exists, law enforcement officers cannot lawfully restrict the movement of the stopped individual for any period of time or for any purpose.

61. Law enforcement officers must have probable cause to make an arrest.

62. If, after considering the scope of discretion and responsibility generally given to law enforcement officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendants at the time of the stop, seizure, and arrest of Lyle Dotson, you find that Plaintiff Lyle Dotson failed to prove that no reasonable officer could have believed that the stop, seizure, and arrest were lawful, then Defendants are entitled to qualified immunity, and your verdict must be for Defendants on those claims. But if you find that Defendants violated Plaintiff Lyle Dotson's clearly established constitutional rights and that Defendants are not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiff Lyle Dotson on that claim.

## **STATE LAW CLAIMS**

63. Plaintiff Lyle Dotson also claims that Troopers McCartney, Anderson, and Journee committed intentional wrongful acts against him under Louisiana law.

64. The basic law in Louisiana regarding this type of suit is Article 2315 of the Louisiana Civil Code. Article 2315 states: "Every act whatsoever of man that causes damage to another obliges him by whose fault it happened to repair it."

65. The meaning of intentional is that the Defendant either desired to bring about the physical result of his act or believed it was substantially certain to follow from what he did. If the defendant knew the consequences were certain or substantially certain to result from his act, and he still commits the act, he is treated by the law as if he had, in fact, desired the result.

## **ASSAULT AND BATTERY**

66. Plaintiff Lyle Dotson claims Troopers McCartney, Anderson, and Journee committed the tort of battery against him. A battery is an intentional act. A harmful or offensive touching of a person, resulting from an act intended to cause the plaintiff to suffer such a touching, is a battery. The intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent. In this lawsuit for damages, the plaintiff must prove by the weight of the evidence: (1) That the defendant committed an intentional act; (2) That the intentional act of the defendant was an actual cause of injury or damage to the plaintiff; and, (3) That the plaintiff actually sustained injury or damage. Injury or damage does not have to be bodily injury, but can include fear, humiliation, mental anguish, and/or any emotional distress.

67. If you find that Plaintiff Lyle Dotson has proved that it is more likely than not that Defendants McCartney, Anderson, and/or Journee intentionally harmfully or offensively touched Plaintiff Lyle Dotson, causing Lyle injury or damage, then you must find for Plaintiff Lyle Dotson on this claim. If Plaintiff failed to make this showing as to a Defendant, then that Defendant is not liable for battery, and your verdict will be for any Defendant for whom Plaintiff did not make this showing.

## **FALSE ARREST OR FALSE IMPRISONMENT:**

68. Plaintiff Lyle Dotson claims Defendants McCartney, Anderson, and Journee committed a tort of false arrest against him. The tort of false arrest or false imprisonment occurs when one intentionally and unlawfully arrests or totally restrains another against his or her will. Two elements are necessary to establish the tort of false arrest: (1) involuntary detention of the person, and (2) the unlawfulness of such detention. Neither malice nor ill will is required if the detention is unlawful.

69. If you find that Plaintiff Lyle Dotson has proved that it is more likely than not that Defendants McCartney, Anderson, and Journee intentionally restrained Plaintiff Dotson against his will without a lawful reason then you must find for Plaintiff Lyle Dotson on this claim. If Plaintiff failed to make this showing as to any of the Defendants, then that Defendant is not liable for false imprisonment, and your verdict will be for any of the Defendants for whom Plaintiff did not make this showing.

## **DAMAGES**

70. If Plaintiff Lyle Dotson has proved any of his claims against any Defendant by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff Lyle Dotson should, or should not, win this case. It is your task first to decide whether any Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that any Defendant is liable and that Plaintiff Lyle Dotson is entitled to recover money from any Defendant.

**COMPENSATORY DAMAGES:**

71. If you find that any Defendant is liable to Plaintiff Lyle Dotson, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff Lyle Dotson for the damage that he has suffered. Compensatory damages are not limited to expenses that Plaintiff Lyle Dotson may have incurred because of his injury. If Plaintiff Lyle Dotson wins, he also is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of any individual Defendant's wrongful conduct.

72. You may award compensatory damages only for injuries that Plaintiff Lyle Dotson proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff Lyle Dotson's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff Lyle Dotson has actually suffered or that Plaintiff Lyle Dotson is reasonably likely to suffer in the future.

73. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff Lyle Dotson prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

74. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

75. To recover compensatory damages for mental and emotional distress, Plaintiff Lyle Dotson must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff Lyle Dotson must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

76. Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but plaintiff has suffered no actual loss or injury.

77. If you find from a preponderance of the evidence that Plaintiff Lyle Dotson sustained a technical violation of his constitutional rights, but that Plaintiff Lyle Dotson suffered

no actual loss as a result of this violation, then you may award Plaintiff Lyle Dotson nominal damages.

## **PUNITIVE DAMAGES:**

78. If you find that Defendants McCartney, Anderson, Journee, or Bodet is liable for Mr. Dotson's injuries, you must award Mr. Dotson the compensatory damages that he has proved. You may, in addition, award punitive damages if you find that any of the Defendants acted with malice or with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Mr. Dotson has the burden of proving that punitive damages should be awarded by a preponderance of the evidence.

79. The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff Lyle Dotson has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendants' misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

80. If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

    i. the reprehensibility of the Defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether the Defendant's conduct was motivated by a desire to augment profit;

    ii. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

    iii. the possible criminal and civil sanctions for comparable conduct

81. You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

82. You may impose punitive damages against one or more of Defendants McCartney, Anderson, Journee, and Bodet and not others. You may also award different amounts against Defendants McCartney, Anderson, Journee, and Bodet.

## **CLOSING INSTRUCTIONS:**

83. It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

84. Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

85. When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

86. Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

87. If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

88. You may now proceed to the jury room to begin your deliberations.